UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. JOHNSON, | ) | CASE NO.  1:13CV1199 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| OHIO BUREAU OF WORKERS' | ) | |
| COMPENSATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In this action for declaratory and prospective injunctive relief, defendants, Ohio Attorney General ("AG") and Ohio Bureau of Workers' Compensation ("BWC"), seek dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. No. 9, AG Motion to Dismiss; Doc. No. 10, BWC Motion to Dismiss.) Plaintiff Thomas Johnson ("plaintiff" or "Johnson") opposes both motions (Doc. No. 15, Opposition to BWC's Motion; Doc. No. 16, Opposition to AG's Motion), and the AG has filed a reply (Doc. No. 17). The motions are fully briefed and ripe for disposition.

### I. BACKGROUND

The facts pertinent to the pending motions are not in dispute. On January 6, 2005, plaintiff "sustained permanent and serious injuries at a job site located on premises owned by and controlled by Republic Engineered Products ['Republic'] in Lorain County, Ohio[.]" (Doc. No. 1, Compl., at ¶ 6.) At the time of the accident,

plaintiff was employed by Resco Products, Inc. (*Id.* at ¶ 7.) Plaintiff sought and received workers' compensation benefits that were issued by the BWC. (*Id.* at ¶¶ 7, 9.)

On February 9, 2005, plaintiff filed a lawsuit in the Lorain County Court of Common Pleas against Republic, seeking damages for personal injury ("personal injury action"). On September 30, 2005, Republic filed a third-party complaint against Resco. On or about June 28, 2006, plaintiff settled his personal injury action, releasing Republic and Resco from liability with the specific exception of his workers' compensation claim. (*Id.* at ¶¶ 7-9.) The lawsuit remains pending in the state courts, as the trial court docket reveals that an appeal and cross-appeal have been filed with the court of appeals.[1]

On May 4, 2012, the BWC brought its own action in the Lorain County Court of Common Pleas ("subrogation action"), naming plaintiff and the Chubb Insurance Company as defendants, and seeking subrogation for benefits and compensation paid to Johnson.[2] (*Id.* at ¶¶ 9-10.) On April 5, 2013—more than ten months after he filed his initial answer—Johnson sought leave to file an amended answer, counterclaim, and third-party complaint challenging the constitutionality of Ohio's subrogation statutes (Ohio Rev. Code §§ 4123.93 and 4123.931). BWC opposed the motion, and leave was ultimately denied by the state trial court on May 17, 2013. In denying the motion, the trial court found that Johnson had failed to establish justification

---

[1] The public docket for this personal injury case is found at: http://cp.onlinedockets.com/loraincp/case_dockets/Docket.aspx?CaseID=94971 (*Johnson v. Republic Engineered Prods.*, Case No. 05CV141078).

[2] The public docket for this subrogation action is found at: http://cp.onlinedockets.com/loraincp/case_dockets/Docket.aspx?CaseID=295248 (*Bureau of Workers' Compensation v. Johnson, et. al.*, Case No. 12CV176242).

under Ohio Rule of Civil Procedure 13 for having failed to timely file his compulsory counterclaim. (Doc. No. 10-3.) The subrogation action remains pending in the trial court.

On the same day he attempted to amend his answer in state court (April 5, 2013), Johnson filed the present action in federal court. In his complaint, he alleges that Ohio's subrogation statutes violate the United States Constitution in two ways. First, he claims that subrogation in favor of the BWC will deprive him of his property interest in his personal injury claim without due process and equal protection of law. Second, he insists that the notice provision of Ohio Rev. Code § 4123.931, which requires a workers' compensation benefits claimant to notify the BWC of a potential tort claim, violates the First Amendment by "requir[ing] speech." (Doc. No. 1 at ¶ 20.) Plaintiff requests a declaration that Ohio Rev. Code §§ 4123.93 and 4123.931 are unconstitutional, and he seeks an injunction prohibiting the BWC from pursuing or enforcing its subrogation rights.

In its motion to dismiss, the BWC argues that this Court should abstain from exercising jurisdiction in this case, pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), due to the pendency of the ongoing state subrogation action.[3] Alternatively, the BWC argues that plaintiff's constitutional claims are barred by res judicata because plaintiff failed to timely bring these claims as compulsory counterclaims in state court. Turning to the merits, the BWC insists that Johnson has failed to state a claim for injunctive relief. The AG also believes that the Court should

---

[3] The BWC also suggests that abstention is appropriate under the *Pullman* abstention doctrine, pursuant to which a federal court should abstain when there is a pending state proceeding, and the federal constitutional challenge turns on the interpretation of a state statute. *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941). Because the Court finds that abstention under *Younger* is appropriate, it need not reach the applicability of the *Pullman* abstention doctrine.

3

abstain from exercising its jurisdiction over the matter. He further posits that plaintiff has failed to state a claim for injunctive relief against him, owing to the absence of an actual controversy involving himself and plaintiff.

## II.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In ruling on a motion to dismiss under Rule 12(b)(6), a court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss

4

so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)*; see Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion, but may only take judicial notice of facts which are not subject to reasonable dispute).

When faced with a threshold question of whether to apply *Younger* abstention, a court must first address the *Younger* issue prior to engaging in any analysis on the merits of the case. *Tenet v. Doe*, 544 U.S. 1, 6, n.4, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005).

### III. DISCUSSION

#### A. The Applicability of Younger Abstention

In *Younger*, the Supreme Court held that a federal court should not enjoin a pending state criminal proceeding unless "the danger of irreparable loss is both great and immediate." 401 U.S. at 45; *see Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) ("*Younger v. Harris . . .* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.") The Supreme Court extended *Younger* "to noncriminal judicial proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432 (internal cite omitted). *Younger* abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claim. *Id.*; *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

5

"[S]o long as the constitutional claims of [the plaintiff] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 723 (6th Cir. 1993) (quoting *Middlesex*, 457 U.S. at 435).

          1.      Pending State Proceedings

A proceeding that is judicial in nature "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 370-71, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) (internal quote omitted). The Sixth Circuit has held that "if a state [judicial] proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Federal Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991).

Plaintiff does not seriously dispute the pendency of the state subrogation

action inasmuch as his complaint seeks to enjoin these state proceedings.[4] (Doc. No. 1 at ¶ 12.) Instead, plaintiff underscores the fact that defendants do not dispute this Court's jurisdiction to decide the constitutional issues raised herein. (Doc. No. 15 at 148.) However, "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 471 U.S. 619, 626, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986)). Because the record demonstrates the existence of a pending state judicial proceeding, the first *Younger* factor is met.[5]

### 2. Important State Interest

The importance of the state's interest in its proceedings is measured, not by the state's interest in the outcome of the particular case, but by "the importance of the generic proceedings to the State." *New Orleans Pub. Serv.*, 491 U.S. at 365. Defendants argue that the State of Ohio has an important interest in preserving its right to subrogation of workers' compensation benefits. The Court agrees.

Ohio law provides that when a claimant who has received benefits from the BWC recovers from a tortfeasor, BWC may assert its right to its share of the

---

[4] While essentially conceding this point, plaintiff notes that there is currently no state proceeding where the constitutionality of Ohio's subrogation statutes is at issue. While the ability to raise constitutional claims in the state proceeding implicates the third of *Younger's* requirements (and will be discussed *infra*), none of the factors require that the constitutional claims actually be raised in state court.

[5] Plaintiff also cites *Med. Malpractice Joint Underwriting Ass'n v. Pfeiffer*, 832 F.2d 240, 244 (1st Cir. 1987), and suggests that, like the court in *Med. Malpractice*, this Court should elect to continue with the federal litigation. Plaintiff's reliance on *Med. Malpractice* is misplaced. There, an insurance underwriting association brought a federal action challenging the constitutionality of a state statute that had the effect of temporarily freezing medical malpractice premium rates. The court rejected the applicability of *Younger* abstention on the ground that there was no pending state proceeding. *Id.* at 243 ("The *Younger* doctrine does not provide an exception to § 1331 federal court jurisdiction when, as here, state judicial proceedings *have not commenced*.") (emphasis added; citation omitted).

recovered amount. Ohio Rev. Code § 4123.931(A). However, if the claimant and tortfeasor settle between themselves—without consideration given to the BWC—Ohio law grants BWC a right of recovery against the claimant and the third-party tortfeasor. § 4123.931(G). The purpose of these statutes is to bar claimants from double recoveries based on injury or loss arising from the same incident. *See Mills v. Tekni-Plex*, No. 1:10CV1354, 2011 WL 2076469, at *5 (N.D. Ohio Apr. 29, 2011), *report adopted at* 2011 WL 2076446 (N.D. Ohio May 24, 2011).

While it could certainly be argued whether the State of Ohio has an important interest in recovering benefits paid to plaintiff, there can be no serious debate that Ohio has an important interest in preserving the process of seeking reimbursement for benefits expended, and avoiding double recovery by workers' compensation claimants. *See Groch v. Gen. Motors Corp.*, 117 Ohio St. 3d 192, 199, 883 N.E.2d 377 (2008) (in finding the subrogation statutes constitutional, the Ohio Supreme Court recognized that "virtually every jurisdiction provides some statutory mechanism enabling the employer or fund to recover its workers' compensation outlay from a third-party tortfeasor[ ]") (internal quote omitted). The second *Younger* prong is satisfied.

3. Adequate Opportunity to Raise Constitutional Claims

This Court must presume that the state courts are able to protect the interests of the federal plaintiff. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims . . . ." *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979); *see also Judice v. Vail*, 430 U.S. 327, 337, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (reasoning that where it is "abundantly

clear that appellees had an *opportunity* to present their federal claims in the state proceedings . . . [n]o more is required to invoke *Younger* abstention") (emphasis in original).

Because abstention is based on the fundamental principle that parties should assert any available constitutional defenses in state proceedings unless barred from raising them, the Supreme Court has placed the burden of establishing the inadequacy of state proceedings on the party seeking to avoid abstention. *See Am. Family Prepaid Legal v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007); *Squire*, 469 F.3d at 556. Accordingly, to avoid abstention, plaintiff must demonstrate that *state law "clearly bars* the interposition of the constitutional claims." *Am. Family*, 498 F.3d at 334 (emphasis in original) (quoting *Squire*, 469 F.3d at 556) (further quote omitted); *see Middlesex*, 457 U.S. at 432 (where pending administrative proceedings implicate important state interests, "a federal court should abstain unless *state law clearly bars* the interposition of the constitutional claims") (internal quote omitted; emphasis added).

As to this final prong, plaintiff underscores the fact that he was unable to raise his constitutional claims in the subrogation action. However, it is not necessary that a party have actually raised the constitutional claims in state court to clear this hurdle. *See James v. Hampton*, 513 F. App'x 471, 475 (6th Cir. 2013) ("the relevant question is not whether James raised her claims in the state proceeding, but whether state law clearly foreclosed her from doing so at the time she filed this lawsuit"). In *Squire*, the plaintiff, a state court judge, brought a federal action challenging the constitutionality of the state's legal disciplinary proceedings against her. In applying *Younger* abstention, the court found that the plaintiff could not demonstrate that the state proceedings were inadequate

because she failed to raise the constitutional claims in that forum. *Squire*, 469 F.3d at 557; *see Pennzoil*, 481 U.S. at 15 ("when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary").

In *Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995), the plaintiff brought a § 1983 action challenging the constitutionality of a state statute that provided for *ex parte* protection orders in cases involving domestic violence. The district court dismissed his claims for injunctive relief on *Younger* abstention grounds. On appeal, the plaintiff argued that the state divorce proceedings represented an inadequate forum because he could not immediately challenge the protective order procedure as his wife had withdrawn her protective order, and that he would have to wait until the divorce was finalized to raise it. The Sixth Circuit affirmed the district court. In so ruling, the court noted that Ohio has an "open courts provision" found in Article 1, § 16 of the Ohio Constitution, that allows for constitutional challenges and shows that Ohio courts have both the willingness and the ability to hear constitutional challenges. *Id*. at 420-21 (citing *Pennzoil*, 107 S. Ct. at 1528 [relying on a similar provision in the Texas State Constitution]).

Finally, in *Am. Family*, the plaintiff, a corporation that sold memberships in prepaid legal services plans, brought a federal action challenging the constitutionality of an Ohio Supreme Court rule governing the unauthorized practice of law. In affirming the district court's decision to abstain, the Sixth Circuit noted that plaintiff did not raise its constitutional claims in the state action until its brief in opposition to the bar

10

association's motion for a cease and desist order, filed after the Ohio Supreme Court had granted the interim order. The court ruled that "[b]ecause American Family did not properly raise its due process claim in the state proceedings, it cannot show that it was not afforded an adequate opportunity to raise its constitutional claims." *Am. Family*, 498 F.3d at 335.

Similarly here, plaintiff has not asserted that he did not have *adequate opportunity* to raise his constitutional claims, only that his attempt to do so in an untimely fashion, almost eleven months after the state subrogation action was initiated, was rebuffed by the state court. Because plaintiff did not *properly* raise these claims in state court, he cannot show that he was not afforded an adequate opportunity to present his constitutional claims in the pending state proceedings.[6] The third prong of *Younger* is satisfied.

4. Exceptions to *Younger* Abstention

Even where all three prongs are met, evidence of "bad faith, harassment, or flagrant unconstitutionality" may still render *Younger* abstention inappropriate. *Squire*, 469 F.3d at 557 (internal quote omitted). Plaintiff does not raise bad faith or harassment, and the Court observes that the Ohio Supreme Court has previously rejected constitutional challenges to Ohio's subrogation statutes. *See Groch v. Gen. Motors Corp.*, 117 Ohio St. 3d 192, 883 N.E.2d 377 (2008) (rejecting challenges to the state statutes on

---

[6] To permit this federal action to go forward at this time would defeat the purpose of *Younger* abstention, which is to encourage parties to bring constitutional claims in state court proceedings. If a federal plaintiff who fails to raise a constitutional claim in a state court proceeding cannot demonstrate that he was denied an adequate state forum for his claims, a federal plaintiff who waits until it is too late to raise such claims likewise should be equally unable to argue that the state's forum was inadequate.

11

due process and equal protection grounds).[7] Plaintiff cannot, therefore, argue that the statutes in question are flagrantly unconstitutional. Because the three-part *Younger* abstention test has been satisfied and none of the *Younger* exceptions are implicated, the Court is compelled to abstain from deciding this matter at this time.

### B. Dismissal of the Ohio Attorney General

In his complaint, plaintiff asserts that he "has also named as a defendant the Ohio Attorney General so that there can be no dispute that this Court has before it all necessary parties to determine the constitutionality of R.C. 4123.931 under the Constitution of the United States of America." (Doc. No. 1 at ¶ 21.) As one alternative basis for dismissal, the AG argues that he was improperly named as a defendant in this action because there is currently no actual controversy between plaintiff and the AG. In support of his position, the AG underscores the fact that the complaint fails to allege "that the Attorney General has initiated, or threatened to initiate, legal proceedings against him." (Doc. No. 9 at 52.) In response, plaintiff concedes that "[s]ince the Attorney General has 'neither threatened nor initiated any enforcement proceedings against Plaintiff on the basis of these subrogation statutes' he is not a proper party." (Doc. No. 16 at 184 [quoting Doc. No. 9 at 52].) Plaintiff indicates that he "has no objection to the Attorney General being dismissed with the understanding that the Attorney General's dismissal will have no [e]ffect upon" his claims against the BWC. (*Id.*)

---

[7] Plaintiff notes that the ruling in *Groch* was limited to a determination of constitutionality under the Ohio Constitution. However, plaintiff fails to explain how the analysis would be different under the United States Constitution, which contains similar provisions. *See Thomas v. Gee*, 850 F. Supp. 665, 677-78 (S.D. Ohio 1994) (noting that "the United States Constitution and the Ohio Constitution impose similar restraints upon the government with respect a citizen's right to due process . . . and to equal protection under the laws . . . .") (internal cites omitted).

The Court shall treat the combined briefing on this subject as constituting a joint motion to dismiss the AG. Dismissal of individual parties properly occurs under Fed. R. Civ. P. 21, which provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Accordingly, the Court grants the parties' joint motion to dismiss the AG under Rule 21.

### C. *Stay or Dismissal Under Younger*

Having concluded that *Younger* abstention applies to the claims against the remaining defendant, BWC, the Court must now determine whether to stay the instant case or dismiss it without prejudice. "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Edison v. Dep't of Children's Serv.*, 510 F.3d 631, 638 (6th Cir. 2007) (internal cite omitted). "Whether the plaintiff[ ] seek[s] a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it." *Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 702 (6th Cir. 2013). Where a plaintiff seeks an equitable remedy, the district court may exercise its discretion and dismiss the action without prejudice, *see Louisville Country Club v. Ky. Comm'n on Human Rights*, 221 F.3d 1335 (Table), 2000 WL 921015, at *1 (6th Cir. June 26, 2000), but where a plaintiff seeks a purely legal remedy abeyance is the appropriate course of action. *See Nimer*, 707 F.3d at 702 (citing *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)); *James*, 513 F. App'x at 478 (when *Younger* abstention is appropriate, a district court must stay a complaint seeking money damages).

Here, plaintiff does not assert a claim for money damages. Rather, he seeks only declaratory and injunctive relief. While he does request attorney's fees and costs, this is not an independent claim, but is ancillary to his claim for equitable relief. Accordingly, the Court will dismiss the instant action without prejudice, rather than stay it and hold it in abeyance pending the outcome of the state subrogation proceedings. *See, e.g., Cummings v. Husted*, 795 F. Supp. 2d 677, 694 (S.D. Ohio 2011) (dismissing, rather than staying, action under *Younger*, and treating request for attorney's fees as ancillary to claims for declaratory and injunctive relief).

### IV.  CONCLUSION

For all of the foregoing reasons, the motions of defendants AG and BWC to dismiss are GRANTED IN PART. Defendant AG is DISMISSED as a party under Fed. R. Civ. P. 21, and this action is DISMISSED WITHOUT PREJUDICE as to plaintiff's claims against defendant BWC.

**IT IS SO ORDERED**.

Dated: January 27, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**